UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-328-RJC

| | |
|---|---|
| JORGE GALEAS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| TODD PINION, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff, who is proceeding pro se, filed a Complaint and an Application to Proceed in Forma Pauperis, (Doc. 1), on May 23, 2012. On July 3, 2012, the Court entered an order waiving the initial fee and directing monthly payments to be made from Plaintiff's trust fund account. (Doc. 6). For the reasons explained below, the Court dismisses Plaintiff's Complaint.

I.  BACKGROUND

Plaintiff is a former inmate of Lanesboro Correctional Institution ("Lanesboro") in Polkton, North Carolina. He is now incarcerated at Pasquotank Correctional Institution ("Pasquotank") in Elizabeth City, North Carolina. Plaintiff has named as Defendants Todd Pinion, identified as the Superintendent of Lanesboro; Lawrence Parsons, identified as the Assistant Superintendent of Lanesboro; William Horne, identified as a sergeant at Lanesboro; and the North Carolina Department of Public Safety. (Doc. 1 at 1).

Plaintiff alleges in the Complaint that while he was incarcerated at Lanesboro, beginning on March 4, 2012, Sergeant Horne frequently refused to allow Plaintiff to go outside to exercise

because Plaintiff was not standing at his door when it was time for the officers to take the prisoners outside. (Id. at 3). According to Plaintiff, inmates are required to stand at the door of their cells when it is time to go outside for exercise and "[i]f inmates are not at their door their exercises are denied due to a policy that the superintendent Todd Pinion and the Asst. Supt. for custody and operations Lawrence Parsons have been enforcing as a punishment and not as a security reason at all to maintain or restore discipline but cruel and unusual punishment." (Id.). Plaintiff alleges that because of serious medical conditions he is unable to get out of his bed in time to be standing at his cell door when the guards arrive to take the inmates outside for exercise. (Id.).

Plaintiff alleges that Defendant Horne's refusal to let Plaintiff go outside for exercise on these occasions was done to punish Plaintiff in retaliation for Plaintiff's expression of his "freedom of speech" rights, rather than to maintain order in the prison. (Id.). Plaintiff alleges that the other Defendants are liable because they knew that Horne was not allowing Plaintiff to go outside for exercise and they approved of Horne's requirement of making Plaintiff stand at his cell door in order to be allowed to go outside for exercise. For relief, Plaintiff seeks the following:

> Make prison officials to respect and to follow the N.C. and U.S. Constitutions including the international laws and to respect my unalienable rights as an indigenous sovereign of Mayan descent that I am from Central America, El Salvador. I want the Defendant[s] to stop the requirement that they are enforcing for count time to stand at the door because [it] is not for a security reason at all to maintain or restore discipline but cruel and unusual punishment and to be provided with my access to outdoor exercise without the requirement to stand at the door.
>
> If prison officials do not comply with the N.C. and U.S. Constitutions, including with the international laws, then I want the court to grant me reparation and reparative injunction pursuant to the U.C.V.R.A., C.F.T.A. and 7 U.S.C. § 18 for

violation of my unalienable rights.

(Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Plaintiff brings a claim based on conduct that occurred while he was incarcerated at Lanesboro Correctional Institution.[1] He is now incarcerated at Pasquotank Correctional Institution. Because Plaintiff seeks only injunctive relief in the Complaint, and because he has

---

[1] Plaintiff is an abusive and frequent filer of Section 1983 actions in this and other federal district courts in this circuit. As of the entry of this Order, he is now subject to the "three strikes" rule of 28 U.S.C. § 1915(g). See Galeas v. Previtire, No. 08-6150, 2012 WL 5985667, at **3-4 (W.D.N.C. Nov. 28, 2012) (citing dismissals of Plaintiff's actions brought under Section 1983). When Plaintiff filed this action, however, he had not accumulated three strikes for the purposes of Section 1915(g).

3

been transferred away from Lanesboro, his Complaint must be dismissed as moot.[2] Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (stating that "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there").

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. 1), is **DISMISSED** and **DENIED** as moot.

Signed: May 16, 2014

Robert J. Conrad, Jr.
United States District Judge

---

[2] In any event, Plaintiff's allegations against Defendants simply do not state a claim for cruel and unusual punishment under the Eighth Amendment to the Constitution, as a prison clearly has the right, as a matter of maintaining order and discipline, to require inmates to stand at the doors of their cells when waiting to go outside for exercise. See generally Wolff v. McDonnell, 418 U.S. 539, 561-63 (1974).

4